1040 (Form 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NO.** |
|---|---|
| **PLAINTIFF(S)**<br><br>Colette Wallace as Debtor in Possession | **DEFENDANT(S)**<br><br>Doris Oxendine, Wilhemina Smith, Wilhemina Smith d/b/a Mels Marketing & Consulting, Wilhemina Smith d/b/a WC & SS Realty |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br><br>Clover Barrett & Associates, PC<br>338 Atlantic Avenue, Suite 201<br>Brooklyn, New York 11201<br>(718) 625-8568 | **ATTORNEY(S)** (If Known) |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☑ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☐ Trustee  ☐ Other | ☐ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☐ Trustee  ☑ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Action to Set Aside Fraudulent Transfer and for Turn over of Assets obtained by Fraud
28 U.S.C.A. Section 157 (b)(2)(B)(E) and (H), & Section 1334, 11 U.S.C.A. Sections 506. 542, 543, 548, 550,

---

## NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☑ 13 – Recovery of money/property - § 548 fraudulent transfer
☐ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand:  $ |

Other Relief Sought:

1040 (Form 1040) (12/15), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Colette Wallace as Debtor in Possession | 19-43541 | |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| Eastern District | Brooklyn | Judge Craig |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| | Clover M. Barrett, Esq. |

| DATE | |
|---|---|
| August 14, 2019 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B250B
(1/88)

# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK

In re; Colette Wallace as Debtor in Possession

Case No.19-43541-cec

---------------------------------------------------------X

COLETTE WALLACE as Debtor in
Possession,

                        Plaintiff,

      -against-

Adv. Pro. No. 19-_____-cec

DORIS OXENDINE,
WILHEMINA SMITH,
WILHEMINA SMITH d/b/a Mels Marketing & Consulting
WILHEMINA SMITH d/b/a WC & SS Realty
ERNEST WILSON

                        Defendants.

---------------------------------------------------------X

### SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
### IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

> Address of Bankruptcy Clerk
> 271 Cadman Plaza
> Brooklyn New York 11201

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney:

> Clover Barrett & Associates, P.C.
> 338 Atlantic Avenue, Suite 201
> Brooklyn, New York 11201

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| **Chief Judge Carla E. Craig**<br>**U.S. Bankruptcy Court, EDNY**<br>**Conrad B. Duberstein Courthouse**<br>**271-C Cadman Plaza East**<br>**Brooklyn, NY 11201-1800** | Room **3529** |
| | Date and Time |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Clerk of the Bankruptcy Court

_____   By:_____
     Date

                                     Deputy Clerk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                            Case No. 19-43541

COLETTE WALLACE                                                   CHAPTER 11

                                                                  HON. CARLA CRAIG

                                         Debtor.
-------------------------------------------------------------x

COLETTE WALLACE as Debtor In Possession

                                         Plaintiff

                -against-

DORIS OXENDINE
WILHEMINA SMITH
WILHEMINA SMITH d/b/a Mels Marketing & Consulting
WILHEMINA SMITH d/b/a  WC &SS Realty
ERNEST WILSON

                                         Defendant
-------------------------------------------------------------x

**COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER AND FOR TURNOVER
OF ASSETS OBTAINED BY FRAUD**

NOW COMES , Plaintiff, COLETTE WALLACE, Debtor in Possession ("Debtor" or "Ms.

Wallace"), by her attorney Clover Barrett& Associates, P.C., by Clover M. Barrett, Esq., for the

purposes of having this court set aside Debtor's conveyance of her property to Defendant, Doris

Oxendine ("Oxendine"), for the turnover of certain funds obtained by Oxendine and  Wilhemina

Smith ("Smith"), Wilhemina Smith, d/b/a Mels Marketing & Consulting and Wilhemina Smith

d/b/a  WC &SS Realty (collectively "Smith Defendants) from proceeds belonging to Debtor.

This proceeding also seeks the turnover of certain escrow funds deposited with Ernest Wilson,

Esq., in connection with a contract of sale of Debtor's property.

1

1.      This court has jurisdiction under 11 U.S.C.A §§542, 543, 548, 550, 506;

U.S.C.A. §§ 1334 and 157.   This adversary proceeding is a core proceeding under. 28 **U.S.C.A.**

**§** 157(b)(2)(H), arising under Title **11, U.S.C.** and arising in the above-referenced case under

Chapter 11 of the Bankruptcy Code, now pending in the United States District Court for the

Eastern District of New York.

### THE PARTIES

2.      Plaintiff, Ms. Wallace is the Debtor in Possession herein having filed this Chapter

11 petition on June 6, 2019, in order to rehabilitate her financial condition and pay off her debts.

At the core of this adversary proceeding is Ms. Wallace's real property, her home of 30 years,  at

73 Bainbridge Street, Brooklyn, New York, 11233, a Four Family landmark Brownstone ("the

Bainbridge Property" ).

3.      Defendant, Doris Oxendine, is the sister-in-law of defendant, Smith, and is a

person holding title to debtor's real property. It is believed that defendant resides at 49 Crown

Street, Brooklyn, NY 11225.

4.       Defendant, Wihemina Smith,Wihemina Smith d/b/a Mels Marketing and

Wihemina Smith d/b/a WC & SS Realty is a third party against whom the Debtor has a claim.

Smith is the sister-in-law of Oxendine.  Defendant Smith and the Smith defendants maintain a

business address at 1022 Rutland Road, Brooklyn, NY 1212

5.      Defendant, Ernest Wilson, Esq., is listed as a third party against whom the Debtor

has a claim. Mr. Wilson maintains a business address at 111 Court Street, Suite 21, Brooklyn,

NY 11201.

## FOR A FIRST CAUSE OF ACTION

6.      Plaintiff repeats and alleges all allegations of the Complaint in paragraphs 1 through 6 as if set forth at length herein.

7.      In or about November 2014, Ms. Wallace was referred to Smith and Mels Marketing, a local real estate consulting company and broker for the purpose of assisting the Debtor to do a cash out refinance of the Bainbridge property to obtain funds to renovate Debtor's home.  At the time that debtor was introduced to Ms. Smith, her property was valued in excess of 2 million dollars and there was a mortgage debt of only $51,000 owed against the property.  This was Debtor's first experience dealing with property finance and she relied totally on Smith. Smith advised  Ms. Wallace that  she would assist the Debtor in refinancing the Bainbridge property by obtaining a new 30 year mortgage on debtor's property.   This way debtor could get much needed funds to repair and renovate her home. Smith, however, arranged for a 12 month, interest only hard money loan in the amount of $320,000 from. From the $320,000 proceeds, $51,000.00 was used to pay off the existing mortgage and Ms. Wallace received $136,801.13. The remaining balance was distributed to Smith, the lender and other persons connected to the loan, all of whom were "brought to the table" by Smith, as alleged fees and costs.   Smith and her company Mels Marketing was paid a referral fee from the hard money lender, which charged Debtor 10 points ($32,000.00) for providing the loan to the Debtor.  Other than the referral fee from the lender Debtor never entered into any agreement to pay Smith any other funds from the loan proceeds.  Smith, however, was in control of the transaction and obtained $5,500 which was made payable to her company WC & SS Realty.  The counsel that represented debtor in this loan transaction was provided to the debtor by Smith. By taking the additional $5,500, Smith defrauded the Debtor and was unjustly enriched in the process. Neither Smith nor WC & SS

3

Realty provided any services for the payment of the $5,500. As a result of this fraud perpetrated

upon the debtor, there was an unjust dimunition of Debtor's estate.

## FOR A SECOND CAUSE OF ACTION

9.    Plaintiff repeats and alleges all allegations of the Complaint in paragraphs 1

through 8 as if set forth at length herein.

10.    After doing the aforementioned hard money loan, Smith convinced Ms. Wallace

that her property would qualify for a reverse mortgage that would result in the debtor's ability to

pay off the hard money loan, have funds to renovate her building and best of all, allow Ms.

Wallace to live in the property for the rest of her life without having to make any more mortgage

payments. Smith convinced Ms. Wallace to add Oxendine's name to her deed, telling Wallace

that she was guaranteed to get the reverse mortgage because Oxendine was over sixty two (62)

years of age. Prior to meeting Smith and Oxendine, Ms. Wallace had never before heard of a

reverse mortgage and totally trusted and relied upon Smith's advice. Smith assured Ms. Wallace

that once the loan came through, Oxendine would remove her name from Ms. Wallace's deed

and the debtor  would only have to pay a small fee to Oxendine for obtaining the reverse

mortgage. On or about July 1, 2015, Smith presented documents to  Ms. Wallace to sign. As

before, Debtor followed Smith's instructions blindly and executed documents transferring her

property to Oxendine, leaving Debtor only a remainder interest in her property. Debtor who did

not have the benefit of counsel and only relied on Smith's representations, did not read the

documents she signed and believed she was only temporarily adding Oxendine's name to her

deed to qualify for a reverse mortgage. In connection with the transfer, Ms. Wallace received no

funds, monies or other consideration from Ms. Oxendine.  Ms. Wallace never received a reverse

mortgage. By convincing Debtor to transfer her property to Oxendine, Smith and Oxendine

knowingly defrauded the Debtor. As a result of the fraud perpetrated upon Ms. Wallace, Debtor

was divested of her property, was rendered insolvent and Oxendine was unjustly enriched.

## FOR A THIRD CAUSE OF ACTION

11.    Plaintiff repeats and alleges all allegations of the Complaint in paragraphs 1

through 10 as if set forth at length herein.

12.    A few months after Ms. Wallace was fraudulently duped in transferring her

property to Oxendine, Smith told Ms. Wallace that a problem arose and that Oxendine could not

get the application for a reverse mortgage but Smith would help her to get another loan.

Unfortunately for Ms. Wallace, Smith arranged for another hard money loan in the amount of

$620,000.  From the loan proceeds, $359,663.60 was used to pay off the previous hard money

loan. Ms. Wallace was given only $23,486.00.  As in the first hard money loan. Smith was in

control of the transaction and Debtor followed her instructions as to what to sign. Like the

previous transaction Smith even provided a lawyer to so call represent Debtor in the transaction.

Oxendine was given $17,000 and Smith and or her company Mels Marketing Consultant,

received $18,600.  Debtor never entered into any agreement for Oxendine or Smith to receive

monies from the loan proceeds.   Oxendine was not entitled to receive the $17,000 that she

obtained from the loan proceeds nor was Smith entitled to receive the $18,600 she received. As a

result of this fraud, Smith and Oxendine was unjustly enriched and the Debtor defrauded.

## FOR A FOURTH CAUSE OF ACTION                    .

13. Plaintiff repeats and alleges all allegations of the Complaint in paragraphs 1 through

12 as if set forth at length herein.

14.    After the second loan transaction, debtor asked that Oxendine's name be removed

from the deed as promised.  Smith, however, informed the Debtor that Oxendine's name could

not be removed until the Bainbridge property was sold. When Debtor informed Smith that she did not want her property sold and insisted that she wanted Oxendine's name removed from her property, Smith told the Debtor she did not have a choice because Oxendine could not remove her name from the deed unless the property was sold. Smith then informed the Debtor that she found someone who agreed to buy the property for $1,700,000. Believing she had no choice, Debtor executed a contract of sale along with Oxendine to sell her property to Israel Kozlik and Michael Gold. Ernest Wilson, Esq., an attorney provided by Smith, represented Debtor and Oxendine in the contract of sale and received $170,000 as escrow agent to be held by the attorney on behalf of the Debtor pending closing of title. On or about January 2018, Plaintiff discharged Mr. Wilson as her counsel and requested that Mr. Wilson forward the Contract down payment to her new counsel. Despite Plaintiff's request, Mr. Wilson has refused to turn over the $170,000 deposit to Debtor's new counsel. Since Plaintiff has discharged Mr. Wilson, the attorney should be required to turn over the funds to Debtor's present counsel. Ms. Wallace seeks the turnover of the escrow deposit pursuant to U.S.C.A. § 542§ 543

15.     Ms. Wallace now seeks to set aside the transfer of her property to Oxendine, and for the turnover of funds taken from her loan proceeds by Smith and Oxendine based on fraud and unjust enrichment and further for the turnover of the deposit in connection with the contract of sale.

16.     This action by the Debtor is proper and timely. Pursuant to 11 U.S.C.A. §1107, Ms. Wallace as debtor in possession has all the rights, powers, functions and duties of a trustee Wallace. Though there is a two-year statute of limitation fixed by 11 U.S.C.A. § 548 for the trustee or a debtor in Possession to bring this action to set aside the transfer, under New York law, an action to set aside a fraudulent conveyance is governed by the six-year statute of

limitation for actions grounded in fraud, commencing at the time of the conveyance. See *Island Holding, LLC v. O'Brien,* 775 N.Y.S.2d (2d Dep't 2004).  Pursuant to 11 U.S.C.A. § 108(a) , "[i]f applicable nonbankruptcy law … fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of (1) the end of such period … or (2) two years after the order for relief."

   **WHEREFORE**, Plaintiff demands judgment as follows:

   1. Under the First and Third cause of action that Defendant Smith and the Smith defendants be directed to return to Debtor's estate, $24,100 and that Defendant Doris Oxendine be directed to turn over to the debtor, $17,000 on the grounds that these funds were  fraudulently obtained from Debtor's estate

   2. Under the Second cause of action that the conveyance by the Debtor to defendant, Doris Oxendine in July 2015 was fraudulent and as such that conveyance is void and set aside.

   3. Under the Fourth cause of action, that defendant, Ernest Wilson be directed to turn over the escrow contract deposit of $170,000 to Debtor's new counsel to be held in escrow pending disposition or closing of the contract of sale.

   4. Awarding plaintiff such other relief as the court deems just and proper.

Dated: Brooklyn, New York     CLOVER BARRETT & ASSOCIATES, P.C.
   August 13, 2019

           By: _____

            Clover M. Barrett, Esq.
            338 Atlantic Avenue, Suite 201
            Brooklyn, New York 11201
            (718) 628-8568

            Attorneys for Plaintiff/Debtor

**VERIFICATION**

STATE OF NEW YORK        )
                         )ss:
COUNTY OF KINGS          )

COLETTE WALLACE , being duly sworn, deposes and says:

I am the Plaintiff in this adversary proceeding, and I have read and know the

contents of the foregoing Complaint.  The Complaint is true to my own knowledge,

except as to matters alleged upon information and belief, and as to those matters I

believe them to be true.

*Colette Wallace*
Colette Wallace

Sworn and subscribed to before me on
this  13th  day of August, 2019

_____
NOTARY  PUBLIC

CLOVER M. BARRETT
NOTARY PUBLIC, State of New York
No. 02BA6014398
Qualified in Queens County
Commission Expires July 16 2611 2019